**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

SAMUEL OPARA,                    :
                                           Civil Action No. 10-2295 (JBS)
      Petitioner,    :

      v.             :   **OPINION**

UNITED STATES OF AMERICA,        :

      Respondents.   :


**APPEARANCES:**

Samuel Opara
#05433-027
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
    Petitioner pro se

Paul J. Fishman
United States Attorney
    By:  J. Andrew Ruymann,
        Assistant U.S. Attorney
402 East State Street
Room 430
Trenton, NJ  08608
    Attorneys for Respondent

**SIMANDLE**, District Judge:

    Petitioner Samuel Opara, a prisoner currently confined at FCI Fort Dix, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] naming the United States of

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the
    Supreme Court, any justice thereof, the district courts

America as the sole respondent to the Petition.  Respondent made an application for leave to file a Motion to Dismiss in Lieu of Answer.  The Court granted Respondent's request and the motion was filed on June 29, 2010.

Because this Court lacks jurisdiction to consider this Petition, and because it is not in the interest of justice to transfer the Petition, this Court will grant the Motion to Dismiss and dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner is presently confined pursuant to a federal drug crime conviction and sentence imposed by the United States District Court for the Northern District of Indiana.  Opara was convicted of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); four counts of distributing more than five grams of cocaine base, a violation of 21 U.S.C. § 841(a)(Counts 2 through 5); and maintaining a crack house, a violation of 21 U.S.C. § 856(a)(1) (Count 6).  He was sentenced on September 1, 2000 to 240 months on Count 1 and 120 months each for Counts 2 through 6.  The sentence for Count 1 was to be

---

and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

served consecutively to the sentence for Count 2 through 6, which were to be served concurrently to each other.  For Counts 1 through 5, Opara was sentenced to 5 years supervised release, and 3 years supervised release for Count 6, with all terms running concurrently.[2]

The Seventh Circuit Court of Appeals heard Petitioner's appeal of his conviction and sentence. That court set aside the conviction for Count 6, rejected Petitioner's other issues on appeal and affirmed the sentence.[3]

Petitioner has appealed his conviction and sentence[4] and filed numerous motions to challenge his conviction and sentence, including motions that were filed pursuant to 28 U.S.C. § 2255 and motions that have been construed to be filed under § 2255.[5]

Petitioner claims the following in his pending § 2241: (1) that the judgment was not properly entered on the docket, (2) that the prosecutor engaged in misconduct, (3) that the police officer witness committed perjury, (4) that evidence was fabricated, (5) that arrest warrants for Opara and his co-

---

[2]Opara v. U.S., 2005 WL 1653902. *1-2 (N.D. Ind. July 8, 2005).

[3]U.S. v. Opara, 20 Fed. Appx. 533, 534, 2001 WL 1173239 (7th Cir. September 28, 2001).

[4]See id., cert. denied, Opara v. U.S., 534 U.S. 1098 (2002).

[5]See U.S. v. Opara, 2008 WL 596616 (N.D. Ind. March 5, 2008); Opara v. U.S., 2006 WL 1128649 (N.D. Ind. April 26, 2006); Opara v. U.S., 2005 WL 1653902 (July 25, 2005).

defendant were obtained illegally, (6) the search warrant for Opara's residence was illegally obtained, (7) the search warrant for Opara's co-defendant's residence was illegally obtained, and (8) the district court abused its discretion in granting the dismissal of Opara's original indictment.

## II.   DISCUSSION

### A.   Standard of Review

Petitioner brings his Petition for a Writ of Habeas Corpus as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  If a second or successive petition is filed in the district court without such an order from the appropriate court

4

of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

>    B.   Lack of Jurisdiction

Here, the case lacks cause of action under § 2241 since, as noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a

statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. Rather, it appears that he explicitly seeks to avoid the gatekeeping requirements of § 2255, which strictly limit the circumstances under which a prisoner can file a second or successive motion. Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.

Petitioner attempts to bring this action under § 2241 by alleging that his judgment and conviction were not properly entered on the underlying docket and therefore the court of appeals there does not have jurisdiction to decide his challenge, rendering Opara's opportunity to challenge using a § 2255 motion inadequate and ineffective.  That argument fails.  In fact, in one of Opara's previous filings in the court of conviction, he had raised that same argument.[6]  The court there construed his motion as a § 2255 motion, dismissed it as a second or successive motion for which Petitioner had not received certification from the court of appeals.  In addition, that court stated, as to the assertions of an incorrect docket entry, "that the Judgment and Commitment Order in this case was properly entered on September 12, 2000 (D.E. # 235), and Opara's requests for relief would be denied even if his motions were not construed as motions pursuant to 28 U.S.C. § 2255."[7]

The challenges to the imposition of his sentence that Opara makes in the pending action fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement.  Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to successfully challenge his conviction by direct appeal, § 2255 motion, or other motions for

---

[6]Opara, 2008 WL 596616, *1.

[7]Id.

relief from judgment.  Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

This Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.

Since the challenges presented here do not appear to be cognizable claims under § 2241 and since Petitioner has already filed a § 2255 motion with the trial court, it would not be in the interest of justice to transfer this Petition to the trial relevant court of appeals as a request for leave to file a second or successive § 2255 motion.

### III.   CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss is GRANTED.  The petition will be dismissed with prejudice.  An appropriate order follows.


　　　　　　　　　　　　　　　　　　 **s/ Jerome B. Simandle**
　　　　　　　　　　　　　　　　　　Jerome B. Simandle
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: **December 14, 2010**